UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | INDICTMENT NUMBER: |
| | ) | 4:25-CR-0056-5-RSB-CLR |
| HAKEEM CURRY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT HAKEEM CURRY'S MOTION TO FILE SUPPLEMENTAL RESPONSE TO THE GOVERNMENT'S STATUS REPORT ATTACHING PROPOSED PROTECTIVE ORDER *EX PARTE* AND UNDER SEAL

Defendant Hakeem Curry has moved to file his Supplemental Response to the Government's Status Report Attaching Proposed Protective Order, doc # 630-1, *Ex Parte* and Under Seal pursuant to Fed. R. Crim. P. 16(d)(1) and Local Criminal Rule 49.1

This Order shall not be filed under Seal.

However, the Court Orders that Mr. Curry's Supplemental Response to the Government's Status Report Attaching Proposed Protective Order is to be filed UNDER SEAL and the Clerk shall maintain that entry *EX PARTE.*

The right of access to judicial records pursuant to common law is well-established. See *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); see also *Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). This right extends to the inspection and the copying of court

records and documents. *Nixon*, 435 U.S. at 597. The right to access, however, is not absolute. *Globe Newspaper Co. v. Superior Court for Norfolk Cty.*, 457 U.S. 596, 598 (1982). When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any significant interests raised by the party seeking to file under seal. *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983). In balancing the interests, courts consider, among other things,

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005). Additionally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* (citing *Nixon*, 435 U.S. at 598). Here, given the nature of the information in Mr. Curry's Supplemental Response, filing those documents on the public docket would abridge Mr. Curry's work-product privilege. Accordingly, Mr. Curry's Supplemental Response shall be maintained UNDER SEAL. See

*United States v. Scott*, No. 4:18-CR-262, 2019 WL 2502756, at *1, n.1 (S.D. Ga. June 17, 2019).

Given that the Supplemental Response is filed under Fed. R. Crim. P. 16(d)(1) it shall be filed *EX PARTE* and maintained by the Clerk for this Court's use only.

SO ORDERED, this the __5th__ day of January, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3