UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | INDICTMENT NUMBER: |
| ) | 4:25-CR-0056-5-RSB-CLR |
| HAKEEM CURRY, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON DEFENDANT HAKEEM CURRY'S MOTION TO FILE UNREDACTED EXHIBIT A TO HIS REQUEST FOR STATUS CONFERENCE REGARDING DISCOVERY and REQUEST FOR CLARIFICATION *EX PARTE* AND UNDER SEAL**

Defendant Hakeem Curry has moved to file Unredacted Exhibit A to his Request for Status Conference Regarding Discovery and Request for Clarification *Ex Parte* and Under Seal pursuant to Fed. R. Crim. P. 49.1 and Local Criminal Rule 49.1

This Order shall **not** be filed under Seal.

However, the Court Orders that Mr. Curry's Unredacted Exhibit A to his Request for Status Conference Regarding Discovery and Request for Clarification is to be filed **UNDER SEAL** and the Clerk shall maintain that entry *EX PARTE*.

The right of access to judicial records pursuant to common law is well-established. See *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); see also *Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016

(11th Cir. 1992). This right extends to the inspection and the copying of court records and documents. *Nixon*, 435 U.S. at 597. The right to access, however, is not absolute. *Globe Newspaper Co. v. Superior Court for Norfolk Cty.*, 457 U.S. 596, 598 (1982). When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any significant interests raised by the party seeking to file under seal. *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983). In balancing the interests, courts consider, among other things,

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005). Additionally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* (citing *Nixon*, 435 U.S. at 598). Unredacted Exhibit A, is an email from the court appointed Coordinating Discovery Attorney and filing that unredacted document on the public docket would abridge Mr. Curry's work-product

2

privilege. Accordingly, Mr. Curry's Unredacted Exhibit A to his Request for Status Conference Regarding Discovery and Request for Clarification shall be maintained UNDER SEAL. See *United States v. Scott*, No. 4:18-CR-262, 2019 WL 2502756, at *1, n.1 (S.D. Ga. June 17, 2019).

Given that Unredacted Exhibit A to Mr. Curry's Request for Status Conference Regarding Discovery and Request for Clarification is filed under Fed. R. Crim. P. 49.1 and Local Criminal Rule 49.1 it shall be disclosed to other defense counsel, filed *EX PARTE* and maintained by the Clerk for this Court's use. It shall **not** be disclosed to government counsel.

SO ORDERED, this the  13th  day of January, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA